UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

|  |  |
|---|---|
| CARDELLIA ANDERSON<br>112 Chelsea Park<br>Madison, AL 35758<br>   Plaintiff,<br>v.<br><br>LOCKHEED MARTIN CORP.,<br>D/B/A LOCKHEED MARTIN<br>INFORMATION SYSTEMS & GLOBAL<br>SOLUTIONS<br>700 N. Frederick Avenue<br>Gaithersburg, MD 20879<br><br>   Defendant | Civil Action No. RWT 11 CV 2655 |

## COMPLAINT

Plaintiff Cardellia Anderson, ("Plaintiff" or "Ms. Anderson"), by and through her undersigned counsel, hereby files this Complaint against Defendant Lockheed Martin Corp., ("Lockheed"), to recover back pay, front pay, compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and costs, and other equitable relief this Court deems appropriate pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, for employment discrimination based on race, color, religion, sex or national origin, and the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*

## NATURE OF ACTION

1. Plaintiff complains that Defendant unlawfully and illegally discharged her in retaliation for her filing of a race discrimination charge with the Maryland Commission on Human Relations and with the U.S. Equal Employment Opportunity Commission ("EEOC").

2. Plaintiff further complains that Defendant interfered with her rights under the Family Medical Leave Act ("FMLA") and then retaliated against her for exercising her rights under FMLA.

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.*.

4. All of the necessary administrative prerequisites for filing this race claim have been met, as Plaintiff timely filed charge of discrimination and retaliation filed with the EEOC and cross-filed with the Maryland Commission on Human Relations ("MCHR") in December 2009.

5. Plaintiff received a Right to Sue Notice from the EEOC on or about June 13, 2011.

6. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

7. Venue is properly laid in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and/or omissions giving rise to the claims set forth herein occurred in Maryland.

8. Venue is proper because Plaintiff was employed in the state of Maryland at the time of the illegal actions set forth herein.

## PARTIES

9. Plaintiff resides in Madison, AL, but maintains an address in Gaithersburg, MD.

10. Defendant, Lockheed Martin Corp. ("LM"), is a Maryland corporation with its principal place of business in Bethesda, MD

11. On information, Defendant, LM, is the parent company of IS&GS.

12. On information, Defendant, LM, is a global security company that employs about 126,000 people worldwide and is principally engaged in the research, design, development, manufacture, integration and sustainment of advanced technology systems, products and services.

13. At all relevant times, Defendant was the employer of Plaintiff within the meaning of the Title VII and FMLA.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff, in December 2002, was hired by Defendant as an Administrative Assistant in Marietta, GA.

15. Plaintiff, in September 2005, was promoted within the department from Administrative Assistant to Administration Representative.

16. Plaintiff, in March 2006, received a 10 month stretch assignment and was relocated to Dallas/Fort-Worth, TX.

17. Plaintiff, in December 2006, was transferred to Owego, NY and promoted to Supplier Diversity Representative.

18. Plaintiff, in August 2008, was promoted and transferred to Information Systems & Global Solutions ("IS&GS") in Gaithersburg, MD.

19. Plaintiff, in November 2009, received tips from co-workers that her Program Manager, Steve Cogdell, was informing the staff that Plaintiff would no longer be supporting the NEXGEN/WASH Op effort and that Plaintiff would be replaced by Mary Beauchamp, which would leave Plaintiff with no work to perform and subject to being laid-off.

20. Plaintiff, in November 2009, notified both Louis Alomar, her direct supervisor, and Human Resources ("HR"), of the planned replacement and was assured that she would be re-assigned back to support the program.

21. Plaintiff filed a retaliation charge against her employer, the Defendant, with the Maryland Commission on Human Relations ("MCHR") on April 2, 2009, and a subsequent retaliation charge with MCHR in December 2009.

22. Plaintiff was assigned a new manager, Uldrick Jean, in January 2010.

23. On February 15, 2010, Plaintiff was terminated from employment by Defendant for retaliatory and discriminatory reasons.

## COUNT I

### TITLE VII DISCRIMINATION
### (Wrongful Termination Claim)

24. Plaintiff repeats and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. Upon her assignment to her job at IS&GS in Gaithersburg in August 2008, Plaintiff was subjected to harassment and intimidation by a Caucasian co-worker, Haley Safaipour.

26. Ms. Safaipiour refused to provide training and support to Plaintiff.

27. Plaintiff, on March 29, 2009, was falsely accused by Ms. Safaipiour of causing bodily harm to her person by intentionally rolling the back of her office chair into Ms. Safaipiour and Plaintiff's direct supervisor, Doug Washington, instructs Plaintiff to return home that day.

28. On April 21, 2009, Plaintiff was suspended for two weeks (one week with pay and one week without) and was instructed to attend two mandatory Employee Assistant Program sessions before being allowed to return to work.

29. Plaintiff filed a race discrimination charge with the Maryland Commission on Human Relations ("MCHR") on April 2, 2009.

30. Plaintiff returned to work at IS&GS on May 2, 2009; soon after, her supervisor, Louis Alomar, sent an e-mail to internal customers and co-workers stating, "Cardellia has returned from vacation with a dark Caribbean tan and a funny accent."

31. Plaintiff reported Louis Alomar's inappropriate e-mail to the Defendant's EEO department.

32. Throughout August and September 2009, Plaintiff attended sessions with the Defendant, mediated by MCHR, which were ultimately unsuccessful.

33. Defendant violated Title VII when it terminated Plaintiff's employment in retaliation for her filing of a race discrimination and retaliation charge both with EEOC and internally with the Defendant.

34. Defendants' actions were willful and not in good faith.

35. As a consequence of this violation, Plaintiff lost her income and suffered emotional distress. Therefore she seeks economic damages as detailed herein.

## COUNT II

### FAMILY MEDICAL LEAVE ACT
### (Willful Interference and Retaliation)

36. Plaintiff repeats and incorporates by reference paragraphs 1 through 37 of this Complaint.

37. Plaintiff, in November 2009, informed her supervisor, Louis Alomar that she needed to take a couple weeks off work to provide care for her elderly mother in Tennessee.

38. Alomar instructed Plaintiff that she should use unpaid FMLA leave, but cannot use vacation time for the requested leave.

39. Plaintiff, on January 22, 2010, requests a 9/80 Flex Schedule to allow her to take Fridays off to assist with the care of her mother, but this request is rejected by her supervisor, Uldrick Jean.

40. Plaintiff appeals to HR and is approved for a 9/80 Flex Schedule.

41. Defendants' actions were willful and not in good faith.

42. While on leave, Defendant arranged changed her job responsibilities to effectively put her in a position having no work.

43. Subsequently she was returned to her position she held before taking leave.

44. The Defendant had no legitimate business reason for making this change, as evidenced by Plaintiff's return to her position.

45. After her return from exercising her rights under the 9/80 Flex Schedule to care for her mother, Defendant terminated Plaintiff.

46. Defendant's retaliatory actions, specifically the change in Plaintiff's job and ultimately her termination resulted from Plaintiff exercising her rights to protected leave.

47. As a consequence of this violation, Plaintiff seeks to recover backpay and consequential damages for her termination.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court grant the following relief:




a. An award of Backpay;

b. An award of Front pay;

c. An award of Punitive Damages;

d. An award of compensatory damages;

e. An award of emotional distress damages;

f. Award Plaintiff pre-judgment interest on all amounts owed;

g. Award Plaintiff her costs and reasonable attorney's fees incurred in this action; and

h. Award such other relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 30, 2011

Respectfully submitted,

_Cardellia Andersen_