IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CARDELLIA ANDERSON** | * | |
| *Plaintiff* | * | |
| v. | * | Case No.: RWT 11cv2655 |
| **LOCKHEED MARTIN CORP.** *doing business as* **LOCKHEED MARTIN INFORMATIONS SYSTEMS & GLOBAL SOLUTIONS** | * | |
| *Defendant.* | * | |

## MEMORANDUM OPINION

On September 16, 2011, Plaintiff, Cardellia Anderson, filed suit against Defendant, Lockheed Martin Corporation alleging wrongful termination under Title VII and willful interference and retaliation under the Family Medical Leave Act (FMLA).  *See* Compl. ECF No. 1.  On December 20, 2012, Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment.  *See* ECF No. 9.  This matter is now fully briefed and ready for adjudication.

## Background[1]

In 2002, Plaintiff was hired by Defendant as an Administrative Assistant in Marietta, Georgia.  By August of 2008, Plaintiff was promoted and transferred to Information Systems & Global Solutions in Gaithersburg, Maryland.

---

[1] These facts are drawn from plaintiff's complaint and, for purpose of this motion, are assumed to be correct.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

After being transferred to the Defendant's program in Gaithersburg, Plaintiff alleges that she was subjected to harassment and intimidation by a co-worker named Haley Safaipiour. On March 29, 2009, Plaintiff claims that Ms. Safaipiour falsely accused Plaintiff of causing bodily harm by intentionally rolling the back of her office chair into Ms. Safaipiour. Plaintiff's direct supervisor, Doug Washington, instructed Plaintiff to return home that day. On April 2, 2009, Plaintiff filed a race discrimination charge with the Maryland Commission on Human Relations ("MCHR"). On April 21, 2009, Plaintiff was suspended for two weeks (one week with pay and one week without) and was instructed to attend two mandatory Employee Assistant Program sessions before being allowed to return to work. On May 2, 2009, Plaintiff returned to work. After Plaintiff's return, her supervisor, Louis Alomar, allegedly sent an e-mail to internal customers and co-workers stating, "Cardellia has returned from vacation with a dark Caribbean tan and a funny accent." Plaintiff reported Louis Alomar's e-mail to the Defendant's EEO department. Throughout August and September 2009, Plaintiff attended sessions with the Defendant, mediated by MCHR, which were ultimately unsuccessful.

In November 2009, Plaintiff informed her supervisor, Louis Alomar that she needed to take a couple weeks off work to provide care for her elderly mother in Tennessee. Alomar allegedly instructed Plaintiff that she should use unpaid FMLA leave, but cannot use vacation time for the requested leave. On January 22, 2010, Plaintiff requested a 9/80 Flex Schedule to allow her to take Fridays off to assist with the care of her mother, but this request was rejected by her supervisor, Uldrick Jean. Plaintiff appealed to HR and was approved for a 9/80 Flex Schedule.

Plaintiff claims that while she was on leave, Defendant changed her job responsibilities to effectively put her in a position having no work. Upon her return, Plaintiff was returned to the

2

position she held before taking leave.  Sometime thereafter, Defendant terminated Plaintiff.  On June 13, 2011, Plaintiff received a right to sue notice from the EEOC.

On September 16, 2011, Plaintiff filed suit against Lockheed Martin Corporation alleging wrongful termination under Title VII and willful interference and retaliation under FMLA.  On December 20, 2011, Defendant filed a Motion to Dismiss, asserting that Plaintiff's Title VII claim is time-barred and Plaintiff fails to state an FMLA willful interference or retaliation claim.  On January 5, 2012, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss, and on January 18, 2012 a Supplemental Response in support of her opposition.  On January 20, 2012, Defendant filed its Reply in Support of its Motion to Dismiss.  And on February 6, 2012, Plaintiff filed a Sur-Reply, without obtaining leave of court to do so.[2]

## Discussion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief."  *Id*. at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint

---

[2] Local Rule 105.3(a) requires parties to obtain leave of court before filing a sur-reply.

must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

A. Plaintiff's Title VII Claim is Time-Barred

A Title VII claim is time-barred, absent grounds for equitable tolling, if a plaintiff fails to file suit within the ninety-day period following receipt of the EEOC's right to sue letter. 42 U.S.C. § 2000e–5(f); *see also Dixon v. Digital Equip. Corp.*, 976 F.2d 725, 1992 WL 245867 (4th Cir. Sept. 30, 1992). Here Plaintiff received the right to sue letter on June 13, 2011, and Plaintiff filed suit on September 16, 2011, which is ninety-six days after Plaintiff received the right to sue letter. *Rawlings. v. City of Bowie,* 2011 WL 1375603 at *2-3 (D. Md. Apr. 12, 2011) (complaint dismissed as untimely when plaintiff filed on ninety-first day after receipt of Right to

Sue notice); *Roberson v. Bowie State Univ.*, 899 F. Supp. 235, 238-39 (D. Md. 1995) (Title VII claim dismissed when plaintiff filed suit on ninety-first day after receipt of Right to Sue notice).

Where a plaintiff's Title VII suit is time-barred, that plaintiff may only file suit if the time limit is extended by equitable tolling. Courts will only equitably toll the ninety-day period if Plaintiff alleges "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Perry v. Accurate Staffing Consultants, Inc.*, 2010 WL 2650881 at *4 (W.D.N.C. Jun. 30, 2010) (*quoting U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)).

Here, Plaintiff's Complaint does not allege that the ninety day limitation was equitably tolled. Consequently, Plaintiff's Title VII claim is time-barred and will be dismissed without prejudice. *See Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 328 (M.D.N.C. 2002) ("To demonstrate that equitable tolling acts to prevent the dismissal of their claim, Plaintiffs' Complaint must sufficiently allege the first above-mentioned requirement").

Even if the Court were to consider Plaintiff's correspondence with the Court,[3] there are no grounds for equitable tolling because Plaintiff concedes that her claim is untimely, alleging only that she was misled by her former attorney into believing that the case had been filed. *See* ECF No. 3. An e-mail attachment to this correspondence demonstrates that, as of September 8, 2011, prior to the expiration of the ninety-day period, Plaintiff was aware that her Complaint had

---

[3] When deciding a motion to dismiss under Rule 12(b)(6), courts may only consider the facts contained in plaintiff's complaint. If "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. P. 12(d). Courts, however, may consider documents referenced in the complaint and documents "integral to and explicitly relied on in the complaint," as long as the authenticity of the documents is not in dispute. *See Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Although filed on the same day as the Complaint, the correspondence between Plaintiff and the Court (ECF No. 3) is not referenced in the Complaint, and thus it shall not be considered for the purposes of a motion to dismiss.

not been filled and that her attorney, who she fired, would not be filling it.  *See* ECF No. 3-1.  Even if Plaintiff's counsel were negligent, these facts do not warrant equitable tolling.  *See e.g.*, *Perry v. Accurate Staffing Consultants, Inc.*, 2010 WL 2650881 at *4 (W.D.N.C. Jun. 30, 2010) (finding equitable tolling to be inappropriate where plaintiff contended that his attorney partially opened his case on the electronic filing system, but did not successfully upload his complaint and reasoning that "counsel's unfamiliarity with an electronic filing system that leads to the mistaken belief that a complaint has been timely filed is not an extraordinary circumstance that warrants equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (holding that mistake of counsel does not serve as a ground for equitable tolling).

> B. Plaintiff Fails to State Any Claim Under the Family Medical Leave Act (FMLA)

> > *1. Unlawful Interference*

In order to establish a *prima facie* case of unlawful[4] interference[5] under FMLA, a plaintiff must prove that (1) she was an eligible employee; (2) her employer was covered by the statute; (3) she was entitled to leave under the FMLA; (4) she gave her employer adequate notice of her intention to take leave; and (5) the employer denied her FMLA benefits to which she was entitled.  *Rodriguez v. Smithfield Packing Co.*, 545 F.Supp.2d 508, 516 (D. Md. 2008) (citing

---

[4] It is unclear to the court why Plaintiff would state claims for willful violations of the FMLA.  The only mention of a willful violation in the FMLA is that it extends the statute of limitations from two years to three years, 29 U.S.C. § 2617(c), but Plaintiff's FMLA claim was timely filed whether or not she alleges a willful violation.  Because Plaintiff is *pro se*, this Court will construe her claims liberally.  *United States v. Garcia*, 65 F.3d 17, 19 (4th Cir.1995).

[5] FMLA provides qualifying employees of covered employers with two substantive rights: (1) the right to take up to twelve weeks of leave for personal medical reasons, to care for a new son or daughter, or to care for *family members with serious illnesses*; and (2) the right to be restored to the employee's original position, or to a position equivalent in benefits, pay, and conditions of employment, upon return from leave.  28 U.S.C. §§ 2612(a), 2614(a) (emphasis added).  FMLA protects those rights by making it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right under the Act.  29 U.S.C. § 2615(a)(1).

*Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir.2006)); *see* 29 U.S.C. § 2615(a)(1)(prohibiting an employer from interfering with an employee's FMLA rights).

In determining whether an employee has an entitlement to leave, courts consider whether the employee had a qualified reason, as established by statute, to take such leave. The FMLA statute provides that an employee is qualified to take leave "to care for […] [a] parent, of the employee, if […] [the] parent has a serious health condition." *See* 29 U.S.C. § 2612(a)(1)(C); *c.f. Rhoads v. F.D.I.C.*, 257 F.3d 373, 384 (2001) ("First, the district court correctly required [plaintiff] to prove that she was afflicted with an FMLA-qualifying condition, because otherwise she did not have any right under the Act with which her employer could have interfered.")

Plaintiff does not allege sufficient facts to demonstrate her entitlement to FMLA leave. Plaintiff's complaint only provides that "in November 2009, [Plaintiff] informed her supervisor … that she needed to take a couple weeks off work to provide care for her elderly mother in Tennessee," and that "on January 22, 2010, [she] request[ed] a 9/80 Flex Schedule to allow her to take Fridays off to assist with the care of her mother." *See* Compl. ¶¶ 37 & 39. Plaintiff does not allege that her mother had a *serious health condition* that required her care. Absent any contention in the Complaint that Plaintiff's mother suffered from a serious health condition, Plaintiff's unlawful interference claim fails.

### 2. Retaliation

Plaintiff also fails to state a retaliation claim under FMLA. In order to state a claim for retaliation, plaintiff must allege that "(1) she availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; and (3) there is a causal connection between her protected activity and the adverse employment action." *See e.g. Wright*

*v. Southwest Airlines Co*., 2008 WL 4104180, *4 (D. Md. Aug. 21, 2008) (citing *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006)).

Plaintiff fails to state a claim for retaliation because Plaintiff's complaint does not indicate that she availed herself of a right protected under the FMLA. Stated differently, because Plaintiff does not allege that her mother suffered from a serious health condition, Plaintiff's leave is not leave to which she is entitled under FMLA; thus, Plaintiff's adverse actions (reassignment of job duties, and termination), do not stem from a protected FMLA activity. *C.f. Adams v. Wallenstein*, 2011 WL 1807787, at *6-7 (D. Md. May 11, 2011) ("Unless an employee is afflicted with an 'FMLA-qualifying condition' – that its, a 'serious health condition,' he would not have any FMLA rights … If [plaintiff] lacked a serious medical condition, his leave would not have been 'FMLA' leave,' and the adverse actions he alleges would not have stemmed from a protected activity.").

A separate order follows.

<u>March 16, 2012</u>                                              /s/
                                                          ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE